```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA

CHARLES LEACH, ET AL.                CIVIL ACTION

VERSUS                               NO: 06-1981

AMERIQUEST MORTGAGE SERVICES,        SECTION: "J" (4)
ET AL.
```

**ORDER AND REASONS**

Before the Court is Defendant Allstate Insurance Company's Motion to Quash Jury Demand (Rec. Doc. 26). For the reasons stated below, Defendant's Motion should be **GRANTED**.

**BACKGROUND**

This lawsuit arises out of damages caused by flood waters that inundated the city of New Orleans following Hurricane Katrina. Plaintiff originally filed suit in state court, and Defendants timely removed the action to this Court. Allstate is a "Write Your Own" flood insurance provider appearing in this suit as a "fiscal agent of the United States."

Defendant Allstate Insurance filed this motion to quash the jury demand on August 21, 2007, and set a hearing for September 5, 2007. According to the local rules, any opposition would be

due no later than August 28.  No opposition was timely filed to this motion.[1]

## DISCUSSION

The Seventh Amendment to the United States Constitution preserves the right to a jury trial for civil suits at law where the amount in controversy exceeds twenty dollars.  U.S. CONST. amend. VII.  However, it is well settled law, that the right to a jury trial does not apply in actions to recover funds from the United States Treasury.  *Lehman v. Nakshiam*, 453 U.S. 156, 180 (1981).

A suit against a WYO flood insurance provider is the functional equivalent of a suit against FEMA, and flood insurance claims are ultimately paid by FEMA out of the United States treasury.  *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161 (3d Cir. 1998).  Additionally, WYO insurers are defined by statute as fiscal agents of the United States.  42 U.S.C. § 4071(a)(1).  Courts in this district and elsewhere have concluded that "when a claimant brings an action under 42 U.S.C. § 4072

---

[1] Defendants also filed two motions for summary judgment (Rec. Docs. 24 & 25), on August 31, 2007.  Plaintiff filed a motion to continue the hearing, entitled "Motion to Continue Judgment."  In the motion, Plaintiff's attorney "move[d] that this court continue the summary judgment hearing [sic] set for September 5, 2007."  The Court granted Plaintiff's motion to continue the hearings, and reset the hearings for September 19, 2007 (Rec. Doc. 33).  The Plaintiff did not move to continue this motion to quash, or respond to this motion in any way.

against . . . a WYO for coverage on the policy or disputes regarding terms of the policy a right to a jury trial is denied." *Schrempp v. Liberty Mut. Fire Ins. Co.*, Nos. 06-9240, 06-10521, 2007 WL 2174629, at *1 (E.D. La. July 25, 2007)(Berrigan, C.J.); *Latz v. Gallagher*, 550 F. Supp. 257 (W.D. Mich. 1982); *Kolner v. Director, FEMA*, 547 F. Supp. 828, 830 (N.D. Ill. 1982).

Therefore Plaintiffs do not have a right to a trial by jury on its flood claims.  However, plaintiffs do retain the right to a jury for other matters not related to flood claims.

Accordingly,

**IT IS ORDERED** that Defendant Allstate Insurance Company's Motion to Quash Jury Demand is **GRANTED**.  Trial will commence on October 22, 2007 at 8:30 a.m. with a jury.  The jury will only consider matters related to non flood insurance claims.

New Orleans, Louisiana this the 6th day of September, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE