```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

CHARLES LEACH, ET AL.              CIVIL ACTION

VERSUS                             NO: 06-1981

AMERIQUEST MORTGAGE SERVICES,      SECTION: "J" (3)
ET AL
```

**ORDER**

Before the Court are two motions for Summary Judgment (Rec. Docs. 24 & 25). Document 24 is a Motion for Summary Judgment by defendant Ameriquest Mortgage Company. Document 25 is a Motion for Summary Judgment filed by Allstate Insurance Company. The Plaintiff has filed a timely opposition to Ameriquest's motion, however, plaintiff has not filed an opposition to Allstate's motion.[1] For the reasons stated below, both motions are **GRANTED**.

---

[1] The defendants filed three motions on August 20 and 21: the above mentioned Motions for Summary Judgment and a Motion to Quash Jury Demand. Hearing was set on all three motions on September 5, 2007. According to the local rules, opposition to the motions had to be filed by August 28, 2007. On August 31, plaintiff filed a document entitled "Motion to Continue Judgment" requesting "additional time to appear for the hearing and to prepare[] an opposition." (Rec. Doc. 35). This Court interpreted Plaintiffs' request as a Motion to Continue the hearings on the motions for summary judgment, and not the motion to quash the jury trial. Accordingly, this Court reset the

**BACKGROUND**

In this case arising out of damage to immovable property following Hurricane Katrina, Plaintiffs seek recovery from Ameriquest, their mortgage company as well as Allstate Insurance Company as a Write Your Own Program Carrier participating in the National Flood Insurance Program.  Plaintiffs acquired property in New Orleans, Louisiana, and on June 22, 2005, such property became subject to a mortgage in favor of Ameriquest.  Plaintiff alleges that flood insurance was applied for, but did not go into effect because the premium had not yet been paid.  Plaintiffs claim that Ameriquest acted negligently in failing to secure flood insurance on behalf of the plaintiff, and that the Plaintiffs detrimentally relied on the representations of Ameriquest that Plaintiffs had flood insurance.

**DISCUSSION**

---

hearings on the Motions for Summary Judgment for September 19, 2007.  According to the local rules, any opposition for these motions had to filed by September 11, 2007.  The Court did not receive a request to continue the Motion to Quash Jury Demand, and accordingly granted that motion as unopposed.  (Rec. Doc. 34).
      On September 11, 2007, Plaintiff filed an opposition to the Motion for Summary Judgment filed by Ameriquest.  (Rec. Doc. 36). Plaintiff did not file an opposition or respond in any way to Allstate's Motion for Summary Judgment.

**A. Legal Standard**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

**B. Plaintiffs' Claim Against Allstate**

Plaintiffs have filed a breach of contract claim against Allstate contending that Allstate failed to honor its insurance contract with the Plaintiffs.  Allstate contends that since they never had a contract with Plaintiff, there was no privity and no obligation to pay any insurance claims.  Plaintiffs have not responded to Allstate's motion for summary judgment.

44 C.F.R. § 61.11(b) provides that when the initial purchase of flood insurance is in connection with the making, increasing, extension, or renewal of a loan, the coverage is effective as of the loan closing provided that the premium has been paid. Additionally, § 61.11(c) provides that the effective date of a policy is the last day of the month after the premium has been

paid.  Therefore it is a requirement that the flood policy cannot be in effect if the premium has not been paid.  Additionally, the Code of Federal Regulations does not allow a WYO flood insurance provider to alter the terms or conditions of the National Flood Insurance Program or to issue binders without written permission of the director of the NFIP.  *See* §§ 61.13(d)-(e).  Thus, there is no flood insurance contract that the Court could enforce.

To the extent that Plaintiffs claim any extra-contractual causes of action against Allstate, those actions may be preempted by federal law.  *See Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005).  Regardless, as stated, a contract of insurance did not exist between Allstate and the Plaintiff.  In the absence of opposition, Defendant's motion is well-taken and meritorious on its face.  Accordingly, Allstate's motion will be **GRANTED**.

**C.   Ameriquest's Motion for Summary Judgment**

Ameriquest seeks summary judgment on the claims against it, asserting that Plaintiffs cannot assert a cause of action against it for claims of negligence, breach of contract, or detrimental reliance.  Essentially, plaintiffs claim that Ameriquest negligently failed to force place flood insurance, negligently failed to notify Plaintiffs that flood insurance was not in effect, and negligently failed to pay flood insurance premiums.  Ameriquest claims that the Plaintiffs have released the

Defendants from any and all actions arising out of the mortgage in consideration for $27,804.93 in loan forgiveness. Even assuming that this action does not arise out of the mortgage, and therefore has not been settled, Plaintiffs fail to state a cause of action against Ameriquest.

Louisiana and federal courts have held that when a lender purchases flood insurance pursuant to a forced place provision in a mortgage contract, the lender is protecting its own interests, and not the interests of the borrower. *See Duong v. Allstate Ins. Co.*, 499 F. Supp. 2d 700 (E.D. La. 2007)(Barbier, J.); *Oliver v. Cent. Bank*, 658 So. 2d 1316, 1322 (La. App. 2 Cir. 1995). Further, Plaintiffs cannot assert a breach of fiduciary duty, because no fiduciary relationship was formed. *See Whitfield v. Countrywide Home Loans, LLC*, No. 06-4166, 2007 WL 1200829 (E.D. La. April 23, 2007). Plaintiffs' negligence claims similarly fail as there is no duty of the lender to provide coverage or to notify the borrower of lapsed coverage. *Id.*

Plaintiffs also state a claim for detrimental reliance, saying that they relied on assurances by Ameriquest that flood insurance would be placed on the property. In order to state a claim for detrimental reliance in Louisiana, a plaintiff must prove (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because

of reliance.  *See Lakeland Anesthesia, Inc. v. United Healthcare of La., Inc.*, 871 So. 2d 380, 393 (La. App. 4 Cir. 2004).  When making a determination of detrimental reliance, "the focus is whether a representation was made in such a manner that promissor should have expected the promisee to rely upon it, and whether the promisee so relies to his detriment."  *Suire v. Lafayette City-Parish Consol. Gov't*, 907 So. 2d 37, 59 (La. 2005).  Determining the reasonableness of one's reliance on a promise is a factual determination, which includes such factors as the nature of the circumstances, a person's education or background and previous experience.  *Oliver*, 658 So. 2d at 1323.

In *Oliver* the court found that a savvy businessman should not rely on the assurances of his bank that the bank would procure insurance, because his experience should have made him aware of the any insurance requirements.  While it may be true that the Leachs are not savvy business individuals, this was not their first mortgage.  Plaintiffs were simply refinancing their mortgage and presumably would have understood the way insurance was to be procured at this point.  Further the terms of the mortgage contract clearly state that the onus is on the borrower to procure flood insurance.  Under Louisiana law, one who signs a contract is presumed to know its terms.  *See Tweedel v. Brasseaux*, 433 So. 2d 133, 138 (La. 1983); *Brown v. Simoneaux*,

593 So. 2d 939, 940-41 (La. App. 4 Cir. 1992); *Johnson v. Orkin Exterminating Co.*, 746 F. Supp. 627, 632-33 (E.D. La. 1990). Plaintiffs could not have justifiably relied on a representation by the Defendant to procure insurance. Accordingly,

**IT IS ORDERED** that Defendant Ameriquest Mortgage Services' Motion for Summary Judgment (Rec. Doc. 24) is **GRANTED;**

**IT IS FURTHER ORDERED** that Defendant Allstate Insurance Company's Motion for Summary Judgment (Rec. Doc. 25) is **GRANTED.**

New Orleans, Louisiana this the 2nd day of October, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE